HAROLD P. DWORSKY, Respondent, v. DAVID HERSTEIN, Trading under the Name and Style of DAVE HERSTEIN Co., Appellant.

First Department, December 14, 1923.

Unfair competition — action to restrain use of trade name — parties to action agreed on dissolution of corporation and of copartnership not to use " ' Belnor Hat Co.' or ' Ronley Hat Co.' in that combination and arrangement "— agreement is ambiguous — practical construction by parties shows that neither had right to use principal word of names — use of word " Belnord " or " Belnorde " by defendant is violation — letter by plaintiff to customers of old firm that new company formed by plaintiff would make same kind of hats under different name is violation of agreement — plaintiff not entitled to equitable relief.

The agreement entered into by the parties to this action on the dissolution of a corporation and also of a copartnership, the violation of which by the defendant is sought to be restrained, which provides that neither of the parties shall at any time directly or indirectly use or permit to be used either the name " ' Belnor Hat Co.' or ' Ronley Hat Co.' in that combination and arrangement   *   *   * as a trade name, firm name, label or trade mark, and in this respect the parties stipulate that the liquidation agreed on herein is specifically made upon the terms herein set forth, in consideration and because of the covenant that neither of said parties shall so directly or indirectly use or permit either of said firm names or words to be used," is ambiguous, since it would seem to give authority to use the words in any other combination or arrangement.

The practical construction placed upon the agreement by the parties, however, is conclusive that they understood that the principal word in each of the names was not to be used by them, and this construction is shown on the part of the plaintiff by the fact that he instituted this action and on the part of the defendant by the fact that he never used the exact word " Belnor " but only a modification thereof.

The use by the defendant of the words " Belnord " or " Belnorde " was a mere evasion of the contract and, therefore, a violation thereof.

The plaintiff would be entitled to an injunction restraining the defendant from using the words quoted were it not for the fact that the plaintiff has also violated the contract by sending to all the old customers of the firm about three weeks after the dissolution, a letter over the signature " Ronel Hat Co." in which

he states that the firm of Belnor Hat Co. announces that a former member of that firm and the person who was the sole creator of " Belnor Hats " are associated under the name of " Ronel Hat Co." and that the same style, quality and workmanship which made " Belnor " famous will apply to the hats which will be hereafter known as " Ronel Hats."

Dowling, J., dissents.

Appeal by the defendant, David Herstein, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of August, 1922, upon the decision of the court, rendered after a trial at the New York Special Term, restraining the defendant, among other things, from the use of the names, " Belnor," " Belnord " and " Belnorde," in violation of a written agreement, and appointing a referee to ascertain the damages suffered by the plaintiff because of such violation by the defendant.

*A. A. Silberberg* [*Louis Marshall* of counsel], for the appellant.

*Harold H. Strauss* [*David L. Podell* of counsel; *J. J. Podell* with him on the brief], for the respondent.

Smith, J.:

The plaintiff and the defendant had been associated together since May, 1915, as the owners of stock of the corporation known as the Belnor Hat Co., Inc. The business conducted by them was the manufacturing and marketing of trimmed and tailored hats of special designs for women, and had increased very decidedly during the time that the parties continued to be associated, and the name " Belnor " in the pennant shaped triangle had become associated with the product of this corporation. On the 23d day of May, 1919, the plaintiff and the defendant entered into an agreement terminating the corporation and providing with great care for the method by which the relationship of the parties should be terminated and the corporation which they owned should be dissolved. In addition to the Belnor Hat Co., Inc., the parties were doing business under the firm name of " Ronley Hat Co.," which partnership was also to be dissolved. Among the numerous clauses of the dissolution agreement was the following:

" 13. Neither of the parties hereto shall at any time hereafter, directly or indirectly, use or permit to be used either the name ' Belnor Hat Co.' or ' Ronley Hat Co.' in that combination and arrangement, or the words successors to Belnor Hat Co. or Ronley Hat Co. as a trade name, firm name, label or trade mark, and in this respect the parties stipulate that the liquidation agreed on herein is specifically made upon the terms herein set forth, in consideration and because of the covenant that neither of said parties

shall so directly or indirectly use or permit either of said firm names or words to be used."

This clause 13 of the contract is to my mind clearly an ambiguous clause. The provision that they shall not use the names " Belnor Hat Co." or " Ronley Hat Co." " *in that combination and arrangement,*" would seem to give authority to use the words in any other combination or arrangement. On the other hand, in the latter part of that paragraph of the contract it is stated that the liquidation agreed on therein is specifically made upon the terms therein set forth, " in consideration and because of the covenant that neither of said parties shall so directly or indirectly use or permit either of *said firm names or words to be used.*" (Italics mine.) With this ambiguous contract the practical interpretation of the parties thereto is, I think, conclusive upon them. It is clear that the plaintiff interprets the contract otherwise, from the fact alone, as indicated, of the bringing of this action. As to the defendant, the fact that the word " Belnor " was not used at all by him thereafter, and that there were only modifications of that word used, would indicate his acknowledgment of the fact that he did not have the right to use the word " Belnor." It is clear, therefore, from the acts of the parties under the dissolution contract that it was not intended that either party should use the word " Belnor," either in its name or in its advertising.

We agree with the Special Term that if the defendant had no right to use the word " Belnor," he could not use the words " Belnord " or " Belnorde." Such use would be a mere evasion of the contract. Whether the word " Ronel," as used in the plaintiff's name may be deemed *idem sonans* with " Ronley," is perhaps a close question. While the spelling is very similar, the sound of the names is quite different. We have then a covenant not to use the word " Belnor " in any way, or " Ronley," and a breach of that covenant on the part of the defendant. Upon these facts, if standing alone, the plaintiff would be entitled to the injunction order.

But the defendant has asserted that the plaintiff himself has violated this contract and has used the name " Ronel," instead of " Ronley," as a part of his firm name, and has also used the word " Ronel" in his advertising, the said word being in a pennant triangle, the same as used upon the hats before the dissolution. He refers to one letter addressed by the Ronel Hat Company to Charles Dillon & Co. of Hartford, Conn. That letter reads as follows:

" The firm of Belnor Hat Co. being in the process of dissolution announce that Harold P. Dworsky a member of the firm of Belnor Hat Co. and Rose Raphael the sole creator of Belnor Hats, are now

associated under the name of Ronel Hat Co., 20–24 West 37th Street New York City.

" It needs no statement on our part that the same style, quality and workmanship which made Belnor famous will apply to the hats which will be hereafter known as Ronel Hats.

"An open order for our first line will speedily convince you that the same master hand which created Belnor Hats is now creating the Ronel Hats.

" Hoping for a continuance of your patronage, we beg to remain,
" Yours very truly,
" RONEL HAT CO."

This letter it appears was sent out to all the old customers of the firm about three or four weeks after the dissolution. To my mind there could hardly be a more flagrant breach of contract, either in its terms or in its spirit. The good-will attached to the Belnor hats was a good will that attached to them by reason of the satisfaction they had given to their old customers. To announce that the person who was the sole creator of the Belnor hats was now a member of the Ronel Hat Company, and that the same style, quality and workmanship which made the Belnor hats famous would apply to the hats which would hereafter be known as the Ronel hats, is to strike at the very root of the good will which it was never intended should pass to the plaintiff. The sending of this letter was so flagrant an abuse both of the letter and spirit of the contract of dissolution, that this breach itself would stamp the plaintiff as unworthy of the assistance of a court of equity upon the well-settled doctrine that one who asks equity must come into court with clean hands. The absence of this prerequisite to equitable relief is a complete answer to plaintiff's application. The trial court should not have granted to the plaintiff any relief upon that contract and the judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., FINCH and MARTIN, JJ., concur; DOWLING, J., dissents.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.